UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22308-CIV-MORENO/TORRES

JONATHAN FLEXMAN, RYAN )
FLOETER and BENOIT MATHURIN, )
)
    Plaintiffs, )
)
v. )
)
150 SOUTH BEACH, LLC d/b/a DEVITO )
SOUTH BEACH, )
)
    Defendant. )
)

**DEFENDANT'S MOTION TO VACATE ENTRY OF DEFAULT**

Defendant, 150 South Beach, LLC d/b/a DeVito South Beach ("DeVito" or "the Company"), hereby moves the Court for entry of an order setting aside the Clerk's Default pursuant to Fed. R. Civ. P. 55(c) and 60(b)(1).

**FACTUAL BACKGROUND**

1. On July 2, 2009, Plaintiffs filed the instant lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, alleging unpaid wages and unpaid overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). In addition, Plaintiff Benoit Mathurin alleges that he was discharged in retaliation for complaining about not being paid wages in violation of the FLSA.

2. On or about July 6, 2009, Plaintiffs served the Summons and Complaint on Adam Robin, an Assistant General Manager for the Oven Del Ray Beach, Florida restaurant, who is not authorized to accept service of process on behalf of the Company. Assuming service was proper, which it was not, an Answer was due in Florida State Court on July 27, 2009.

3. Mr. Robin forwarded the Complaint to Michelle Kneer, Controller for the Company.

4. On July 7, 2009, Ms. Kneer forwarded the Complaint to the Company's insurance agent, Tony Davenport, who works for the insurance agency, Restaurant Programs of America ("RPA").

5. Mr. Davenport forwarded the Complaint to his co-worker, Jill Muchnij, who forwarded the Complaint to Claims Assistant, Suzanne Buschke, on July 8, 2009.

6. Despite several attempts by Ms. Kneer to ascertain the status of the insurance coverage with Mr. Davenport and Ms. Buschke, Ms. Buschke failed to forward the Complaint to the insurance adjusters at Monitor Liability Managers, LLC ("Monitor insurance") until July 21, 2009.

7. Two days later, on July 23, 2009, Ms. Kneer received a telephone call from Matthew Pullman, Claims Attorney at Monitor Insurance. Mr. Pullman requested copies of all documents and stated that Monitor insurance had yet to determine if this claim was eligible for Employment Practices Liability Insurance ("EPLI"). Mr. Pullman stated that "should counsel be assigned," the undersigned law firm would be retained. In the meantime, Ms. Kneer continued to express concern about the timing of the Company's response to the Complaint.

8. Between July 24, 2009 and July 28, 2009, Ms. Kneer faxed the Complaint to Mr. Pullman on two separate occasions.

9. On July 30, 2009, unbeknownst to the Defendant or the undersigned, Plaintiffs' counsel filed a Motion for Entry of Default. The same day, the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, entered a default against Defendant because of its "failure to serve or file any paper as required by law."

10. On July 30, 2009, Mr. Pullman called Ms. Kneer and informed her that he had already received copies of the Complaint and requested that she send all other documents to him. Ms. Kneer responded the Company had not received any other documents in this matter besides the Complaint.

11. On July 30, 2009, Mr. Pullman forwarded the Complaint by e-mail to Christine L. Wilson, Esq., and informed her that Jackson Lewis LLP had been retained in this matter to represent Defendant. Ms. Wilson was en route by car traveling from Tampa to Miami and was unable to read the Complaint.

12. On July 31, 2009, Ms. Wilson reviewed the Complaint and saw that an Answer had been due on July 27, 2009. In preparing to answer immediately, Ms. Wilson discovered through a review of the state court's docket that a Motion for Default had been filed and a default had been entered in this matter the previous day.

13. Pursuant to S.D. Fla. L.R. 7.1.A.3, both Ms. Wilson and the undersigned telephoned Plaintiffs' counsel in order to meet and confer regarding this Motion. Both Ms. Wilson and the undersigned left messages, but Plaintiffs' counsel failed to respond. To date, Defendant has not been able to confer with Plaintiffs' counsel.

14. Defendant removed this case within 30 days of service on, **August 4, 2009**.

## ARGUMENT AND CITATION OF AUTHORITY

**DEFENDANT HAS ESTABLISHED EXCUSABLE NEGLECT, THE EXISTENCE OF MERITORIOUS DEFENSES, AND THAT IT EXERCISED DUE DILIGENCE**

Under both Florida state and federal law, it is widely understood that default judgments are not favored, the Court's discretion should be liberally exercised, and all

reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits.[1]  See, e.g., Valdez v. Feltman (In re Worldwide Web Sys.), 328 F.3d 1291, 1295 (11th Cir. 2003) (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc., 740 F.2d 1499, 1510-11 (11th Cir.1984)); Precision Software Servs., Inc. v. Fortune Financial Sys., Inc., No. 98-136-Civ-FTM-17D, 1998 U.S. Dist. LEXIS 22068, *20 (Oct. 13, 1998 M.D. Fla.); Woodbury v. Sears, Roebuck & Co., 152 F.R.D. 229, 236-37 (M.D. Fla. 1993); Charlton L. Davis & Co. v. Fedder Data Ctr., Inc., 556 F.2d 308 (5th Cir. 1977); Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970).[2]

"'Judgments by default are not generally favored; hence, as a general proposition, any doubt should be resolved in favor of permitting a hearing on the merits.'" Woodbury, 152 F.R.D. at 236 (quoting Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 233 (N.D. Ga. 1975)); Precision Software, 1998 U.S. Dist. LEXIS 22068, at * 20 (same). The court may set aside default if: (1) there was excusable neglect on the part of the defaulting party for not answering the complaint; (2) the defaulting party responded promptly after notice of the entry of default; (3) setting aside the default will not prejudice the non-defaulting party; and (4) the defaulting party

---

[1] Defendant files this Motion out of an abundance of caution as it also filed a Motion to Vacate in the state court action prior to removal. By operation of law, motions pending at the time of removal remaining pending as if they had been filed in federal court. See, e.g., Motley v. Option One Mortgage Corp., No 2:08cv659-WHA, 2009 U.S. Dist. LEXIS 59536, * 4 (M.D. Ala. July 13, 2009) (finding good cause to set aside default judgment entered by state court).

[2] Similarly, Florida State Courts have "a long-standing policy in favor of deciding lawsuits on their merits." Miami-Dade County v. Coral Bay Section C Homeowners Ass'n, 979 So. 2d 318, 322 (Fla. 3d DCA 2008). Further, it is widely understood in Florida that "default judgments are not favored by the courts, and a court's discretion should be liberally exercised and all reasonable doubt resolved in favor of granting applications for relief so as to permit a determination of the controversy upon the merits." McAlice v. Kirsch, 368 So. 2d 401 (Fla. 1979). The Florida Supreme Court has also noted that Florida courts have a history of setting aside defaults. See North Shore Hosp., Inc. v. Barber, 143 So. 2d 849, 852-53 (Fla. 1962); see also Appliance & Refrigeration Distrib., Inc. v. Fedders USA, Inc., 518 So. 2d 1384, 1387 (Fla. 3d DCA 1988) (citing North Shore Hosp., 143 So. 2d at 849). If there is any reasonable doubt in vacating a default, it should be resolved in favor of allowing a trial on the merits. See Miami-Dade County, 979 So. 2d at 322.

has a meritorious defense.  See Carmody v. MHM Solutions, Inc., No. 08-14198-CIV-MARTINEZ-BROWN, 2008 U.S. Dist. LEXIS 56112, *3 (S.D. Fla. July 23, 2008).[3]  The Court, therefore, should set aside the default as Defendant can establish all factors.

Fed. R. Civ. P. 60(b)(1) provides that the Court may set aside the entry of a default judgment for a defendant's mistake, inadvertence, surprise, or excusable neglect.  Fed. R. Civ. P. 60(b).  To meet this standard, the movant must demonstrate that it had a meritorious defense that might have affected the outcome of the case and that granting the motion will not result in prejudice to the non-defaulting party, in addition to setting forth its reason for timely failing to reply to the Complaint.  See Riverwood Land Co. v. Tayler, 216 B.R. 985, 987-88 (M.D. Fla. 1997).

### A.     **There Was Excusable Neglect for Not Answering the Complaint**

In the Eleventh Circuit, "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence."  Cheney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996). See also Walter v. Blue Cross & Blue Shield United, 181 F.3d 1198, 1202 (11th Cir. 1998) (noting that excusable neglect encompasses situation where a secretary failed to "record the applicable deadline – the type of innocent oversight involved in Cheney") (internal citations omitted); Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 999 (11th Cir. 1997) (noting that clerical error or miscommunications constitutes excusable neglect).

---

[3]     Florida state courts apply essentially the same standard.  To set aside a default in Florida, a defendant must demonstrate three factors:  (1) excusable neglect; (2) a meritorious defense; and (3) due diligence from the time of learning of default.  See Venero v. Balbuena, 652 So. 2d 1271, 1272 (Fla. 3d DCA 1995).  In fact, when a defendant demonstrates excusable neglect and a meritorious defense, Florida courts liberally set aside defaults for failure of the defendant to plead, so as to allow a determination of the controversy on the merits.  See Clark v. Roberto's, Inc., 320 So. 2d 870, 871 (Fla. 4th DCA 1975).

Case 1:09-cv-22308-FAM   Document 2   Entered on FLSD Docket 08/05/2009   Page 6 of 11
CASE NO. 09-22308-CIV-MORENO/TORRES

In the instant case, Defendant, through its representative, Ms. Kneer, made several attempts to expedite the approval of insurance coverage and the assignment of counsel. See Kneer Affidavit at ¶¶ 5, 8, 10, 11, 12, 14, 15, 17, attached hereto as **Exhibit 1**. Unfortunately, as an insured client, Defendant was unable to retain counsel without authorization from the insurance company. Therefore, the internal delays within and between RPA and Monitor insurance caused Defendant to miss the deadline to file its Answer in response to Plaintiffs' Complaint. This is a classic example of a "system gone awry" and demonstrates "foibles to which human nature is heir." See Miami-Dade County v. Coral Bay Section C Homeowners Ass'n, 979 So. 2d 318, 322 (Fla. 3d DCA 2008); see also Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83, 83-84 (Fla. 3d DCA 1987) (finding excusable neglect where papers got "lost" in a pile of unrelated documents on the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response). "[I]naction due to reasonable misunderstanding qualifies as excusable neglect." See Taylor v. Vitetta, 8 So. 3d 1216 (Fla. 4th DCA 2009).

Courts in Florida have consistently held that upon timely application accompanied by a reasonable and credible explanation, a matter should be permitted to be heard on the merits and that it would be a gross abuse of discretion for the trial court to rule otherwise. See Miami-Dade County, 979 So. 2d at 222. This is especially true here, where the default was entered only three days after the Answer was due.

Defendant's explanation is reasonable and understandable. The Defendant relied, to its detriment, on the representations made by its insurance broker and insurance company that the process was moving forward. This is the type of action which "amounts only to an omission[] caused by carelessness." Cheney, 71 F.3d at 850 (miscommunication between associate attorney

and lead attorney led to delayed filing) (internal citation omitted); American Alliance Ins. Co., LTD v. Eagle Ins. Co., 92 F.3d 57, 61-62 (2d Cir. 1996) (reversing denial of motion to vacate default as an office manager's assumption that the case had been assigned and diligently handled by staff attorney was excusable neglect); Precision Software, 1998 U.S. Dist. LEXIS 22068 at *20-21 (misunderstanding of counsel that was corrected by filing motion to set aside default as soon as mistake was discovered, warranted setting aside default); In re Olympia Holding Corp., 226 B.R. at 708 (while counsel may not have a good reason for failing to reply to the complaint, the defendant itself had one as it was relying on counsel).

A company's reliance on the assurances of its insurer constitutes excusable neglect. See Venero v. Balbuena, 652 So. 2d at 1272 (finding excusable neglect in failing to answer a complaint where an individual relied upon the insurer's assurances that the matter would be handled); see also Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So. 2d 300, 302 (Fla. 2d DCA 2004) (providing that excusable neglect exists when a company followed its normal corporate practice of submitting a complaint to its insurance carrier, which then failed to timely respond).

    **B.**    **Defendant Can Assert Meritorious Defenses**

"A meritorious defense may be shown by either unverified pleading or affidavit." Merrill Lynch Mortgage Capital, Inc. v. Hallmark Indus., Inc., 627 So. 2d 12, 13 (Fla. 2d DCA 1993); see also NKDO, Inc. v. Tawil, No. 07-60233-CIV-COHN, 2008 U.S. Dist. LEXIS 83964, *3 (S.D. Fla. Sept. 29, 2008) (providing that Defendants can assert meritorious defenses through an affidavit); Bethesda Mem'l Hosp., Inc. v. Laska, 977 So. 2d 804, 805 n.1 (Fla. 4th DCA 2008) (finding that a motion to vacate a default accompanied by an affidavit sufficiently established the existence of a meritorious defense). DeVito has meritorious defenses to Plaintiffs' claims which

are identified below and discussed in greater detail in the supporting affidavit of Michelle Kneer. See **Exhibit 1** at ¶¶ 21-29.

Plaintiffs allege entitlement to unpaid wages and unpaid overtime compensation. Plaintiffs are not entitled to any such relief. Defendant will assert meritorious defenses demonstrating that Plaintiffs were compensated in accordance with the requirements of the FLSA. Id. at ¶¶ 22-28. Further, contrary to Benoit Mathurin's allegation that he was discharged in retaliation for complaining about unpaid wages, he was discharged for legitimate business reasons. Id. at ¶ 29.

### C. Setting Aside the Default Will Not Prejudice the Plaintiffs

A one week delay in responding to the Complaint is in no way prejudicial to the Plaintiffs.[4] See, e.g., Carmody v. MHM Solutions, Inc., 2008 U.S. Dist. LEXIS 56112 at **4-5 (providing that a defendant's tardy response that delayed the proceedings for approximately three weeks is not likely to prejudice the plaintiff or adversely impact the Court's docket); Woodbury, 152 F.R.D. at 237 (14 days after notice was prompt and diligent response); see also Allstate Floridian Ins. Co. v. Ronco Inventions, LLC, 890 So. 2d 300, 310 (Fla. 4th DCA 2004) (holding that the plaintiff must provide actual evidence that he will suffer prejudice if the court vacates the entry of default). Plaintiffs will still have the ability to assert their claims, engage in discovery, and present their case to the fact-finder. The setting aside of the default will not affect their ability to recover damages in this action, if they prevail.

---

[4] Defendant filed its Motion to Vacate Entry of Default in state court two business days after learning of the default and eight days after the Answer was originally due.

### D.    **Defendant Responded Promptly After Learning of the Entry of Default**

Upon learning of the entry of default, Ms. Wilson immediately contacted Plaintiffs' counsel to discuss the matter. After receiving no response, the undersigned began preparing a Motion to Vacate on behalf of DeVito. These documents were prepared and filed in state court within two business days of learning that a motion for default had been filed and a default entered. DeVito's due diligence cannot be disputed. See Coquina Beach Club Condominium Ass'n v. Wagner, 813 So. 2d 1061 (Fla. 2d DCA 2002) (finding that a two-week delay from the time the defendant learned of the existence of the default until it filed papers to set it aside was considered due diligence).

Thus, the asserted meritorious defenses, lack of prejudice to Plaintiffs, the minimum delay, the lack of bad faith, and the lack of impact on the proceeding, require a finding of excusable neglect and setting aside the entry of default.

### CONCLUSION

Based on the above, the Clerk's Default should clearly be set aside so as to allow a determination of this controversy on its merits. Defendant respectfully request this Court enter an Order: (i) granting this Motion; (ii) setting aside the Clerk's Default entered against it; and (iii) granting such other and further relief as this Court deems just and proper.

[THIS PAGE LEFT INTENTIONALLY SHORT]

CASE NO. 09-22308-CIV-MORENO/TORRES

Miami, Florida
August 5, 2009

                            Respectfully submitted,

                          By: s/ Jason D. Berkowitz
                              Christine L. Wilson, Esq.
                              Florida Bar No. 143588
                              Email: *wilsonc@jacksonlewis.com*
                              Jason D. Berkowitz, Esq.
                              Florida Bar No. 0055414
                              E-mail: *berkowitzj@jacksonlewis.com*
                              JACKSON LEWIS LLP
                              One Biscayne Tower, Suite 3500
                              2 South Biscayne Boulevard
                              Miami, Florida  33131
                              Telephone: (305) 577-7600
                              Facsimile:  (305) 373-4466
                              Attorneys for Defendant
                              150 South Beach, LLC d/b/a DeVito South Beach

## **CERTIFICATE OF SERVICE**

It is hereby certified that on the August 5, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

                              s/Jason D. Berkowitz
                              Jason D. Berkowitz, Esq.

CASE NO. 09-22308-CIV-MORENO/TORRES

## SERVICE LIST

**Jonathan Flexman, Ryan Floeter and Benoit Mathurin v. 150 South Beach, LLC d/b/a DeVito South Beach**
**United States District Court, Southern District of Florida**

Lawrence J. McGuinness, Esq.
E-mail: *ljmpalaw@netzero.com*
LAWRENCE J. McGUINNESS, P.A.
5805 Blue Lagoon Drive
Suite 145
Miami, Florida 33126
Telephone: 305-264-5611
Facsimile:  305-264-5617
Counsel for Plaintiffs
Served via transmission of Notices of Electronic Filing generated by CM/ECF

Christine L. Wilson, Esq.
Email: *wilsonc@jacksonlewis.com*
Jason D. Berkowitz, Esq.
E-mail: *berkowitzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower, Suite 3500
2 South Biscayne Boulevard
Miami, Florida  33131
Telephone:  305-577-7600
Facsimile:   305-373-4466
Counsel for Defendant
150 South Beach, LLC d/b/a DeVito South Beach